IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | |
| | | **Criminal No. ELH-11-0258** |
| **LAWRENCE LEE HAYES**, *et al.*, | * | |
| **Defendants.** | * | |

...oOo...

**CONSENT MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT**

Comes now the United States of America, by and through its counsel, Rod J. Rosenstein, United States Attorney for the District of Maryland, and John W. Sippel, Jr., Assistant United States Attorney for said District, and respectfully submits this Consent Motion to Exclude Time Pursuant to the Speedy Trial Act, and moves to exclude time from the speedy trial calculations pursuant to 18 U.S.C. § 3161(h).

1.  On May 5, 2011, an indictment was returned by a federal grand jury in the District of Maryland charging the six defendants with conspiracy to distribute and possess with intent to distribute cocaine. Four of the six defendants have been arrested and the arrested defendants had their initial appearances in May/June 2011. A status conference call with counsel for the parties was conducted on July 28, 2011, and a preliminary Scheduling Order was issued.

2.  Under the Speedy Trial Act, specifically Title 18, United States Code, Section 3161(c)(1), a criminal defendant must be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer of the court in which the charge is pending.

3.  The investigation in this case was conducted over a nine-month period and includes

extensive use of wire interceptions. Specifically, pursuant to numerous court orders granted by judges of the Circuit Court for Baltimore City, Maryland, the Drug Enforcement Administration, during the course of the investigation, intercepted over 1,000 communications over four different telephones during a four-month period. Additionally, pen registers were installed on numerous telephones during the course of the investigation.

4. In addition to the above-mentioned interceptions, over 40 search and seizure warrants were executed in connection with this investigation in and around Maryland at the culmination of the investigation. Additionally, many hours of physical surveillance were conducted during the investigation. Consequently, there is substantial physical and documentary evidence which the government intends to use at trial.

5. Discovery materials will be produced to counsel no later than August 31, 2011. After discovery is provided, a substantial amount of time will be required for defense counsel to become familiar with the discovery and to properly research and prepare any appropriate pretrial motions. Among other things, time will be needed to identify items of evidentiary value that were seized pursuant to the search and seizure warrants, and time will be needed to review the intercepted wire communications. A period granted by this Court in which to file pre-trial motions is excludable delay under the general provision of Section 3161(h)(1)(D). Although that section enumerates specific excludable proceedings, the list is not exhaustive, and has been interpreted to include a number of different proceedings and events concerning a defendant. Circuit courts have ruled that these excludable "proceedings" include time specifically granted for the research, preparation, and

filing of pre-trial motions.[1]  Underlying these decisions is the notion that the time specifically allotted for the research and preparation of pre-trial motions is a "procedure...which a defendant might legitimately seek to take advantage for the purpose of pursuing his defense." *United States v. Jodoin*, 672 F.2d 232, 238 (1st Cir. 1982).  Moreover, the Supreme Court recently held that the filing of a pretrial motion automatically stops the Speedy Trial Clock regardless of whether the motion has any impact on when the trial begins. *See U.S. v. Tinklenberg*, 131 S.Ct. 2007, 2010-2016 (2011).  Additional time through the hearing and/or prompt disposition of such motions shall also be excluded pursuant to § 3161(h)(1)(D).

6.      Moreover, subsequent to the Court's resolution of any pretrial motions, all parties will need significant time to prepare for trial based upon the rulings made by the Court.  Among other things, the government will require time to transcribe the intercepted conversations for use at trial.

7.      Wherefore, the government respectfully requests that this Court exclude from any calculation of the Speedy Trial time limits set forth in 18 U.S.C. §3161 the period of time from the date of the first initial appearance in the case (May 17, 2011) through to the final trial date to be set, as set forth in the proposed Order attached hereto.  As grounds for this motion, the government states that, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), this case is unusually complex, due to the

---

[1] *See United States v. Hoslett*, 998 F.2d 648, 654-57 (9th Cir. 1993); *United States v. Lewis*, 980 F.2d 555, 564 (9th Cir. 1992); *United States v. Benson*, 941 F.2d 598, 606 (7th Cir. 1991); *United States v. Barnes*, 909 F.2d 1059, 1064 (7th Cir. 1990); *United States v. Asubonteng*, 895 F.2d 424, 427 (7th Cir. 1990); *United States v. Mobile Materials*, 871 F.2d 902, 913-14 (10th Cir. 1989)(*per curiam*), opinion supplemented on rehearing, 881 F.2d 866 (10th Cir. 1989); *United States v. Piontek*, 861 F.2d 152 (7th Cir. 1988); *United States v. Montoya*, 827 F.2d 143, 153 (7th Cir. 1987); *United States v. Wilson*, 835 F.2d 1440, 1444-45 (D.C. Cir. 1987); *United States v. Thomas*, 788 F.2d 1250, 1256 (7th Cir. 1986); *United States v. Latham*, 754 F.2d 747, 752 n.4 (7th Cir. 1985); *United States v. Tibboel*, 753 F.2d 608, 610 (7th Cir. 1985); *United States v. Jodoin*, 672 F.2d 232 (1st Cir. 1982).

number of defendants and the nature of the prosecution and investigation.

8. In addition, two of the defendants who were charged in the case have not yet been arrested. Accordingly, because the speedy trial "clock" has not started running as to the un-arrested defendant, the speedy trial "clock" should not begin running as to the remaining defendants. *See* 18 U.S.C. § 3161(h)(6). *See also United States v. Owokoniran*, 840 F.2d 373 (7th Cir. 1987) (Section 3161(h)[(6)] specifically excludes from the time requirements "a reasonable period of delay when the defendant is joined for a trial with a co-defendant as to whom the trial has not run and no motion for severance has been granted"); *United States v. Winfrey*, 900 F.2d 1225 (8th Cir. 1990); *United States v. Tobin*, 840 F.2d 867 (11th Cir. 1988); *United States v. Anello*, 765 F.2d 253, *cert. denied*, 106 S.Ct. 411 (1985); *United States v. Zielie*, 734 F.2d 1447, *reh'g denied*, 740 F.2d 979 (11th Cir. 1984), *cert. denied*, 469 U.S.1189 (1985); *United States v. Piteo*, 726 F.2d 50, 51 (2nd Cir. 1983), *cert. denied*, 466 U.S. 905 (1984) (finding that a superseding indictment adding a codefendant effectively reset the defendant's speedy trial "clock" to zero, since the controlling clock is that of the most recently added defendant); *United States v. Culpepper*, 898 F.2d 65, 66 (6th Cir. 1990) (all defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant).

9. As indicated earlier, counsel for each of the arrested defendants has initiated plea discussions. Several courts have held that time occupied with plea negotiations may appropriately be treated as one of the other unspecified "proceedings involving the defendant" that can serve as a basis for excluding time under the Speedy Trial clock pursuant to § 3161(h)(1). In *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987), the Seventh Circuit expressly held that "The plea bargaining process can also qualify as one of many 'other proceedings' under the generic exclusion

of section 3161(h)(1) . . . . [N]egotiating a plea bargain could be considered a proceeding other than trial, or preparation for trial, that qualifies for the exclusion." The Eighth Circuit reached the same conclusion in *United States v. Van Sommeren*, 118 F.2d 1214, 1218 (8th Cir. 1997), where it held that "we exclude the plea negotiations as a 'proceeding involving defendant' under § 3161(h)(1)." This analysis was likewise followed by the Sixth Circuit in *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987), which held that

> the periods of delay listed in 18 U.S.C. § 3161(h)(1)(A) through [(H)] are only examples of delay 'resulting from other proceedings concerning the defendant' and are not intended to be exclusive. All the examples listed are of delaying circumstances that ought not to be charged to the government. Similarly, the trial court was warranted in declining to charge this delay to the government, since the plea bargaining process can qualify as one of many 'other proceedings.'

In *Bowers*, the Court of Appeals held that the district court had properly excluded time under the Speedy Trial Act "based upon its finding that a tentative plea agreement had resulted from negotiations between defense counsel and the government." A number of other courts have reached the same conclusion. *See United States v. Hill*, 1999 WL 17645, at **2 (6th Cir. 1999); *cf. United States v. Long*, 858 F. Supp. 601, 603-04 (N.D.W.Va. 1994) (interim time period between time that plea agreement was signed and when it was presented to the court would be excluded under § 3161(h) as a period of delay resulting from "other proceedings" concerning the defendant). And one of the judges of this Court has likewise previously suggested, in dicta, that "it is certainly arguable that [plea] negotiations are 'proceedings concerning the defendant' within the meaning of the introductory clause of section 3161(h) . . . ." *United States v. Scott*, 743 F. Supp. 400, 404 (D. Md. 1990) (Kaufman, J.).

A number of courts have also held that continuances to permit additional time for plea

negotiations are proper under § 3161(h)(7)(A), the provision of the Speedy Trial Act authorizing continuances where doing so will serve "the ends of justice." For example, in *United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994), the Third Circuit squarely rejected the suggestion that §3161(h)[(7)(A)] could not apply to a continuance granted for purposes of allowing the parties additional time to pursue plea negotiations: "Nothing in the language of 18 U.S.C. § 3161(h)[(7)(A)] suggests that an 'ends of justice' continuance may not be granted for this purpose. . . . In current federal practice, plea negotiations play a vital role. We therefore see no reason why an 'ends of justice' continuance may not be granted in appropriate circumstances to permit plea negotiations to continue."

Other courts have likewise excluded time attributable to plea negotiations under various factual circumstances. In *United States v. Williams*, 12 F.3d 452, 460 (5th Cir. 1994), for example, the Court of Appeals held that the time period following the collapse of plea negotiations on the original indictment and the government's submission of a superseding indictment to the grand jury was properly excluded from the speedy trial calculation under the "ends of justice" exclusion, noting: "The plea negotiations favored both sides; we cannot say upon review that justice was not served by granting a continuance after those negotiations broke down." And in *United States v. Stackhouse*, 183 F.3d 900, 901-02 (8th Cir. 1999), the Eighth Circuit held that where the defendant engaged in months of plea negotiations, then waited until the very last minute to announce that he no longer wanted to plead guilty, the district court properly excluded the time consumed by the plea negotiations from the speedy trial calculus under the "ends of justice" exclusion.[2]

---

[2] It appears that only the Ninth Circuit squarely rejects this conclusion. *See United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir. 2000); *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983) ("Negotiation of a plea bargain is not one of the factors supporting

10. The government respectfully submits that all of the above factors are applicable to this prosecution and justify a continuation of the trial date beyond the speedy trial date. The requested exclusion of time will allow the parties sufficient time to resolve the pre-trial motions and to participate in meaningful plea negotiations. Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the public and the defendants in a speedy trial. Counsel for the defendants consent to the requested exclusion of time.

Wherefore, the government respectfully requests that this Court enter an Order excluding time under the Speedy Trial Act pursuant to Title 18, United States Code, Section 3161(h), for the period from the first initial appearance in the case (May 17, 2011) through to the final trial date to be set in this case.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

Date: August 8, 2011          By:            /s/
                                   John W. Sippel, Jr.
                                   Assistant United States Attorney
                                   36 S. Charles Street, Fourth Floor
                                   Baltimore, Maryland 21201
                                   (410) 209-4800
                                   (410) 962-3124 (facsimile)

---

exclusion provided in section 3161(h).").

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the __8th__ day of August, 2011, a copy of the foregoing Consent Motion to Exclude Time Pursuant to the Speedy Trial Act was served via ECF to all counsel of record.

                                        /s/
                                John W. Sippel, Jr.
                                Assistant United States Attorney