IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. ELH-11-0258 |
| LAWRENCE LEE HAYES, *et al.*, | * | |
| Defendants. | * | |

...oOo...

### ORDER EXCLUDING TIME PURSUANT TO 18 U.S.C. § 3161

Upon consideration of the government's /consent motion to exclude time pursuant to the Speedy Trial Act, the Court makes the following findings:

1.  There are over one thousand wire communications which have been intercepted during the course of this lengthy investigation.

2.  In addition, there is substantial physical and documentary evidence which must be reviewed, including items seized as a result of several search warrants.

3.  The Government will require some time to compile all discoverable materials in this case and to produce those materials to all defense counsel. Additionally, a substantial amount of time will be required for defense counsel to become familiar with the evidence and to research and prepare appropriate motions.

4.  Upon resolution of any pretrial motions, all parties will need additional time to prepare for trial based upon the court's rulings.

5.  In addition, some of the defendants have not yet been arrested. Accordingly, because the Speedy Trial "clock" has not started running as to them, the Speedy Trial "clock" has also not begun running as to the remaining defendants. *See* 18 U.S.C. § 3161(h)(7).

6.  The parties have also initiated the plea negotiation process and need additional time

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2011 AUG -8 P 3:50
CLERK'S OFFICE
AT BALTIMORE

to fully explore all plea options.

WHEREFORE, the Court concludes that pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), this case is both unusual and complex as contemplated by the statute. That is, there are multiple defendants, and the case involves extensive discovery, including lengthy wiretap conversations. The Court also concludes that it would be unreasonable to expect adequate preparation within the time limits generally set for trials under the Speedy Trial Act.

The Court also concludes that the time granted for the preparation and filing of pretrial motions is excludable under 18 U.S.C. § 3161(h)(1). The time given to resolve any pretrial motions is also excludable under 18 U.S.C. § 3161(h)(1)(D).

The Court further concludes that the time needed for the parties to participate in meaningful plea negotiations is excludable under 18 U.S.C. § 3161(h)(7)(A).

WHEREFORE, in the interest of the defendants and the interests of the public, it is ORDERED that the period of time from date of the first initial appearance in the case (May 17, 2011), through to the final trial date to be set in this case be excluded, and the same hereby is excluded from the calculation of the time limits set forth in the Speedy Trial Act, 18 U.S.C. § 3161.

8/8/11
DATE

Ellen L. Hollander
ELLEN LIPTON HOLLANDER
UNITED STATES DISTRICT JUDGE

2