IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. ELH-11-0258 |
| BRYAN EAMMON WILLIAMS, | * | |
| Defendant. | * | |

. . . oOo . . .

**GOVERNMENT'S RESPONSE TO DEFENDANT WILLIAMS'S
MOTION TO STAY SALE OF SEIZED PROPERTY
PENDING RESOLUTION OF CRIMINAL ACTION**

The United States of America, by and through its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and John W. Sippel, Jr., Assistant United States Attorney for said District, files this Response to Defendant Bryan Eammon Williams's Motion to Stay Sale of Seized Property Pending Resolution of Criminal Action (Docket no. 70).

**BACKGROUND**

On April 3, 2011, agents of the Drug Enforcement Administration ("DEA") arrested defendant Bryan Eammon Williams in Jessup, Maryland, after he arrived in Jessup to meet a truck driver he had hired to transport approximately 136 kilograms of cocaine from California to Maryland.

On April 5, 2011, DEA agents seized three vehicles and other items from a house owned by defendant Williams at 112 Evergreen Trail in Atlanta, Georgia. The seized property was processed for forfeiture based on the agents' belief that the property represented the proceeds of drug trafficking. Among the three vehicles was a 2011 Porsche Panamera Turbo (the "Porsche").

On July 21, 2011, the United States initiated a civil forfeiture action in the United States District Court for the Northern District of Georgia, civil action no. 1:11-cv-2391-ODE. The civil

complaint for forfeiture filed by the United States seeks forfeiture against the Porsche and other property seized from 112 Evergreen Trail. On August 18, 2011, defendant Williams, through his attorney, filed a claim as to the Porsche and the other two vehicles.

On August 25, 2011, a grand jury sitting in the District of Maryland returned a superseding indictment against defendant Williams and others. The superseding indictment also sought the criminal forfeiture of all items seized during the investigation that were believed by DEA agents to be the proceeds of drug trafficking. The list of property in the superseding indictment included the Porsche.

On August 30, 2011, the United States District Court for the District of Georgia granted a joint motion to stay the case pending before it until after the resolution of the related criminal case pending before this Court. On September 12, 2011, Porsche Financial Services ("PFS") filed a claim of interest in the Porsche based on its retail installment contract with defendant Williams.

On September 30, 2011, the United States and PFS executed a stipulation of settlement whereby the United States recognized PFS's interest in the Porsche, and the United States and PFS agreed that upon either an interlocutory sale or forfeiture of the Porsche, the United States will collect any storage and maintenance fees it has incurred and then pay the balance owed to PFS, plus interest. On October 11, 2011, the United States and PFS filed in the United States District Court for the Northern District of Georgia a Joint Motion for an Order Authorizing Interlocutory Sale as a result of the depreciating value of the vehicle, accruing interest, and storage fees. *See* Joint Motion for Interlocutory Sale, attached hereto as Exhibit 1. On October 14, 2011, the Honorable Orinda D. Evans of the United States District Court for the Northern District of Georgia, signed an Order authorizing the interlocutory sale of the Porsche. *See* October 14, 2011 Order, attached hereto as

Exhibit 2.[1]

## ARGUMENT

The United States District Court for the Northern District of Georgia granted the Joint Motion for Interlocutory Sale on October 14, 2011. *See* Exhibit 2. Defendant Williams now requests that this Court stay the sale of the Porsche pending resolution of the criminal action. As discussed more fully below, defendant Williams's request for relief must be denied because he has not presented any reason for this Court to disturb the Order issued by the United States District Court for the Northern District of Georgia.

**I.      The criminal action pending before this Court has no bearing on the sale of the Porsche and the Order issued by the United States District Court for the Northern District of Georgia.**

In his Motion, defendant Williams cites to no case, rule, or statute in support of his position that this Court should disturb the Order issued by the United States District Court for the Northern District of Georgia.[2] It is well-settled that the United States has sole discretion in deciding whether to pursue forfeiture in a criminal case or in a parallel civil proceeding. *See United States v. Housahr*, 2006 WL 562206 at *6 (E.D. Pa., Mar. 7, 2006) (stating that it is the government's prerogative how to pursue forfeiture; defendant must follow the government's lead); *Cassell v. United States*, 348 F. Supp. 2d 602, 606 (M.D.N.C. 2004)(government chooses whether to utilize criminal or civil forfeiture).

In this case, the United States filed a civil forfeiture action in the United States District

---

[1] No opposition to the Joint Motion for Interlocutory Sale was filed prior to the entry of the Order.

[2] The Government queries whether this Court has jurisdiction or authority to stay, alter, or otherwise affect an order issued by a federal district court in a separate jurisdiction.

District Court for the Northern District of Georgia in April 2011. This action preserved the Government's right to proceed against the subject seized property civilly. In August 2011, the United States had a forfeiture provision added to the indictment in the criminal matter pending before this Court. Because the United States has initiated parallel proceedings - a civil forfeiture action in the United States District Court for the Northern District of Georgia and a criminal forfeiture action in the United States District Court for the District of Maryland - the United States is permitted to decide how to proceed with the forfeiture, whether civilly or criminally.

In his motion, defendant Williams argues without support or authority that the United States is limited in its options on how to proceed with the forfeiture of the subject property. This argument cuts across the grain of forfeiture law. Indeed, as noted by defendant Williams, criminal forfeiture is a ***sentencing*** issue and essentially plays no role in the prosecution of the crimes charged in the indictment. *See* Fed. R. Crim. P. 32.2. If there is a valid civil forfeiture action pending, then the Government can opt to proceed with forfeiture through the civil action if it chooses. Whatever items are forfeited via the civil proceeding can be stricken from the criminal indictment at the time of sentencing. Simply put, the civil and criminal forfeiture actions are not exclusive and can co-exist without contradiction.

While the United States did file a motion with the Court pursuant to 18 U.S.C. § 983(a)(3)(B)(ii)(II) seeking to retain certain property pending the outcome of the criminal case, the motion does not destroy the Government's right to proceed with a civil forfeiture action. Indeed, it is clear that § 983(a)(3)(B)(ii)(II) creates a mechanism for the Government to preserve its right to maintain possession of the property for forfeiture and is not intended to create a right for any court to limit how the Government proceeds with forfeiture, civilly or criminally.

**II.     The interlocutory sale of the seized vehicle is appropriate in this case.**

Regardless of which court issues the order, interlocutory sale of the Porsche in this case is appropriate. As asserted in the Joint Motion for an Order Authorizing Interlocutory Sale, interlocutory sale of the subject Porsche is appropriate because the value of vehicle is diminishing daily, storage and maintenance costs are accruing rapidly, and defendant Williams is in default under the terms of his sales contract. *See* Exhibit 1 at 3-5. Defendant Williams fails to address any of these issues in his Motion for Stay of Sale; rather he chooses to muddy the waters as to the applicable law and attempts to play one court against the other.

If defendant Williams would to prevail in his Motion, the Porsche would depreciate in value and storage costs would continue to accrue. The best solution for the protection of all interested parties is to sell the Porsche so that PFS can be made-whole on its lien, and the remaining funds held pending the outcome of the criminal matter pending before this Court.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that defendant Bryan Eammon Williams's Motion to Stay Sale of Seized Property Pending Resolution of Criminal Action be denied.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


_____/s/_____
John W. Sippel, Jr.
Assistant United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4807

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the __21st__ Day of November, 2011, a copy of the foregoing Response to defendant Bryan Eammon Williams's Motion to Stay Sale of Seized Property Pending Resolution of Criminal Action (Docket No. 70) was served via ECF to all counsel of record.

/s/<br>
John W. Sippel, Jr.<br>
Assistant United States Attorney