**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **Criminal No.: ELH-11-0258** |
| **RICHARD ANTHONY WILFORD** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF PROMISES
OF IMMUNITY, LENIENCY OR PREFERENTIAL TREATMENT
AND DISCLOSURE OF EXCULPATORY INFORMATION
AND POINTS AND AUTHORITIES IN SUPPORT THEREOF**

COMES NOW the Defendant, Richard Wilford, by and through undersigned counsel, and respectfully moves this Honorable Court for entry of an Order requiring the United States to disclose to Defendant's counsel in a timely fashion, all information in the possession, custody, or control of the United States or its agents, or which through the exercise of due diligence might come to the attention of the United States or it's agents, which is exculpatory relative to either the issues or guilt or punishment; and any and all information which may tend to affect the reliability, credibility, bias or prejudice of any United States witness or agent. This request includes, but is not limited to:

1. The existence and substance, and the manner of execution or fulfillment, of any promises, agreements, understandings or arrangements, either verbal or written, between any law enforcement officers or attorneys for the United States and any prosecution witness or his or her attorney or representatives, including, but not limited to the following:
    a. Not to prosecute the witness for any crime or crimes;
    b. To provide a formal or informal grant of immunity to him or her in connection with any testimony, in grand jury or in court, given or to be given by said witness;
    c. To recommend leniency in sentencing for any crime or crimes which

        he or she has been convicted or for which he or she has agreed to plead guilty;

    d. To recommend a particular sentence for any crime or crimes of which he or she has been convicted or for which he or she has agreed to plead guilty.

    e. To compromise or diminish, or to recommend the compromise or diminution of any federal, state or local taxes which he or she is claimed to owe;

    f. To make any other recommendation of benefit or to give any other consideration to him or her. If the offense being compromised involved an illegal controlled substance, provide the quantity of the controlled substance reasonably believed to be related to the individual for the offense(s) that would have been applicable under the Federal Sentencing Guidelines.

2. What crimes or other breaches of law (including jurisdiction and case number) any informant(s) or witnesses has committed or were suspected of having committed at any time prior to or during the time which they agreed to gather information, to cooperate with the government, or to testify on behalf of the United States.

3. Whether any potential or actual criminal charges against any informant or government witness were abandoned, altered, deferred, delayed, or otherwise disposed of following the agreement with such informant or government witness to gather information or cooperate and testify on behalf of the United States. Please also provide the substance of any discussions with any informant or government witness about other crimes that were committed, or that he or she were suspected of committing, since potential charges and the conversations about potential charges could provide the person with a motive to curry favor with the government.

4. Whether the prosecution of any potential or actual criminal charges against a family member or close friend of a government witness was abandoned, altered, delayed, or disposed of based in any way on the fact that a witness

had agreed to cooperate and testify on behalf of the United States. If not, were there any discussions between any government agents and the witness regarding the possibility of abandoning, altering, deferring, delaying, or disposing of potential charges against such family member or close friend.

5. The existence of any financial arrangement or payments between the United States or its agents and any informer or government witness, the specific details of such an arrangement; the length of such a relationship; the total payments made by the government; and whether such an arrangement still exists.

6. The existence of any and all non-monetary assistance or benefits provided or promised to the government witness, including, but not limited to, assistance with the individual's INS status in this country, employment possibilities, or promises regarding the witness' family, whether in this country or abroad.

7. Any information tending to show bias and/or prejudice for the government or against the defendant, on the part of any informant or witness whom the government intends to call at trial.

8. Whether any informant or witness has made contradictory or inconsistent statements relative to this case or any related case. This request includes a request for notice of any and all statements by government witnesses during debriefings which contradict prior or subsequent statements by that witness about any facts relating to the witness' involvement in the alleged conspiracy, relating to the defendant's alleged involvement, or relating to the alleged involvement of any other alleged co-conspirator. This request includes a request for the notes or reports from those meetings and the explanation, if any, for the inconsistent statement(s).

9. Whether any informant or witness to be called by the United States suffers from any material defect in perception, memory, veracity or articulation, or has ever had any psychiatric or psychological treatment.

10. Whether any witness to be called by the United States, around the time of the events alleged in the indictment up to and including the time of the testimony at trial, was or is a user of any controlled substances, and if so, then a

   description of:
   a. The substance and amounts used;
   b. The term of such use;
   c. Any treatment for addiction or substance abuse;
   d. Current status with regard to substance abuse; and
   e. Any and all psychological or psychiatric reports related to the witness' substance abuse problem.
11. Any and all evidence known to the United States which is inconsistent, or arguably inconsistent, with any evidence to be presented by the United States, including but not limited to, any statements, oral or written, which are in the possession of the United States and are inconsistent with the position any witness intends to take on the witness stand or inconsistent with the allegations of the defendant's involvement in the acts or offenses charged
12. A list of names, addresses, and substance of any and all written, recorded, or oral statements of any potential witness who the government does not intend to call in its case, and who has knowledge of the facts pertaining to this case, if the statements could be: 1) potentially exculpatory regarding the allegations against the defendant; 2) inconsistent with any portion of the testimony of any government witness or the government's theory of the case; 3) inconsistent with the defendant's guilt or culpability; and/or 4) inconsistent with the credibility of any government witness.
13. Defendant requests that the information requested herein be provided at least two months prior to trial so that the defendant may conduct a sufficient investigation regarding the information to enable counsel to adequately examine the witness or witnesses, conduct any necessary investigation, and otherwise prepare for trial.

                                                    Respectfully submitted,


                                                    _____/s/_____
                                                    William B. Purpura

                                                  Bar # 00074  
                                                  Purpura & Purpura  
                                                  8 East Mulberry St.  
                                                  Baltimore, MD 21202  
                                                  Tel:  410-727-8550