**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No.: ELH-11-0258 |
| **RICHARD ANTHONY WILFORD** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MOTION FOR AN ORDER DIRECTING THE GOVERNMENT TO PROVIDE
*BRADY/GIGLIO/JENCKS* MATERIAL INCLUDING IMPEACHMENT EVIDENCE AS
TO ALL HEARSAY DECLARANTS**

COMES NOW the Defendant, Richard Wilford, by and through undersigned counsel, and respectfully moves this Court, pursuant to Rule 806 of the Federal Rules of Evidence and the U.S. Constitution, to direct the government to provide him with any and all *Brady/Giglio/Jencks* material prior to trial as well as impeachment evidence as to any out-of-court declarant whose hearsay statement(s) are intended for introduction by the government at trial under Federal Rules of Evidence Rule 801(d)(2)(E). In support of this motion, the defendant states the following:

1. To date, counsel has received no *Giglio* or *Jencks* materials. The basis for *Jencks* state is *Brady*, which requires the timely disclosure for effective use by the defense. Counsel submits that prior to opening in a case involving numerous cooperators, counsel would need access to any *Giglio* and *Jencks* in order to effectively provide an opening statement to the jury. Counsel would also note that the Advisory Committee on the Federal Rules of Criminal Procedure have extensively discussed amendments to Rule 16[1] to specify the disclosure of Brady

---

[1] Counsel understands that the Criminal Rules Advisory Committee had voted to send the following change to Rule 16 to the Judiciary's Standing Committee:
"Rule 16. Discovery and Inspection
  (a) GOVERNMENT'S DISCLOSURE.
    (1) INFORMATION SUBJECT TO DISCLOSURE.
       (H) Exculpatory or Impeaching Information. Upon a defendant's request, the government must make available all information that is known to the attorney for the government or agents of law enforcement involved in the investigation of the case that is either exculpatory or impeaching. The court may not order disclosure of impeachment

material at the point the government becomes aware of it. Counsel is requesting that the court adopt this view and order the disclosure of all information under the proposed Rule 16 amendment in this case.

2. Production of all of this evidence before trial will avoid delays in the trial necessitated by the government withholding exculpatory materials and inconsistencies. Allowing the government to hold off on producing this information until trial may compel the defense to request continuances during the trial so that the statements may be read and so that any appropriate investigation, the need for which may first be brought to light by the statements, can be conducted.

Rule 806 of the Federal Rules of Evidence provides, in relevant part, "when a hearsay statement, or a statement defined in Rule 801 (d)(2)(C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if the declarant had testified as a witness. Thus, a hearsay declarant is deemed to be a witness whose credibility is subject, in fairness, to impeachment. *United States v. Graham*, 858 F.2d 986, 990 (5th Cir. 1988) (citing advisory committee notes[2]), cert. denied, 489 U.S. 1020 (1989). The scope of impeachment "…parallels that available if the declarant had testified in court, since Rule 806 treats the physical location of the testifying declarant, for impeachment purposes, as legally insignificant." *United States v. Moody*, 903 F.2d 321, 329 (5th Cir. 1990).  As with any other witness, impeachment of an out-of-court declarant would be accomplished, for example, with testimony/evidence of prior convictions (Fed. R. Evid. 609), with testimony of reputation for untruthfulness (Fed. R. Evid. 608(a)), with testimony/evidence of prior inconsistent statements (Fed. R. Evid. 613(b)) and with testimony of prior bad acts probative of untruthfulness (Fed. R. Evid. 806 (b)). *See United States v. White*, 116 F.3d 903, 920 (D.C. Cir. 1997) (although Fed. R. Evid.

---

information earlier than 14 days before trial."
This has not been adopted.

[2] The Federal Rules of Evidence Advisory Committee said: "The declarant of a hearsay statement which is admitted into evidence [pursuant to Rule 806] ***is in effect a witness***. His credibility should in fairness be subject to impeachment and support as though he had in fact testified." (Emphasis added)

806 provides that the credibility of a hearsay declarant may be attacked…counsel attacked using specific instances of misconduct, which, under Fed. R. Evid. 608(b) cannot be proved by extrinsic evidence); *see also*, *United States v. Saada*, 212 F.3d 210, 221 (3rd Cir. 2000). An opportunity to impeach a hearsay declarant's bias, fundamental to the Sixth Amendment's confrontation guarantee, *Delaware v. Van Arsdall*, 475 U.S. 673, 678-79 (1986), would likewise be a legitimate attack on the declarant's credibility, as would information about the hearsay declarant's narcotics habit, psychiatric treatment, and leniency/favorable treatment offered by the government. *Giglio v. United States*, 405 U.S. 150 (1972).

As the government is required to produce such information either prior to trial or at the time of trial in the case of witnesses who take the stand, implicit in Fed. R. Evid. 806 is that the government is likewise required to produce such information when it "calls" the hearsay declarant to testify pursuant to Fed. R. Evid. 801(d)(2)(E). There are practical reasons as well as due process reasons that support each obligation. On the practical side, prior to the hearsay declarant being called at trial, only the government will know the identity of that individual and/or of its intention to call that hearsay declarant to testify pursuant to Fed. R. Evid. 801(d)(2)(E), and the government is not otherwise required to reveal prior to trial 801(d)(2)(E) statements that it intends to elicit. Moreover, impeachment material would – save for a local criminal record, perhaps – in most cases be far more (if not exclusively) accessible to the government than it would the defendant. As to due process concerns, it is counter–intuitive that the government's obligation to produce impeachment materials would be less demanding in a circumstance that allows the defendant virtually no notice and no time to prepare impeachment – let alone the fact that much if not most impeachment material would be held exclusively by the government – than it would in the far more common situation involving an in-court witness, for whom production of impeachment material is required prior to or at the time of trial.

WHEREFORE, for the above stated reasons, and for such reasons as may be advanced at a hearing on this motion, Mr. Wilford moves this Court for an Order directing the government to produce all impeachment and exculpatory evidence as

well as to all hearsay declarants the same impeachment evidence it produces for the witnesses it calls to the stand, with the same advance notice.

    Respectfully submitted,

    **LAW OFFICE OF PURPURA & PURPURA**

    By:    _____/s/_____
           William B. Purpura
           Bar # 00074
           8 East Mulberry St.
           Baltimore, MD 21202
           Tel:  410-727-8550