IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No.: ELH-11-0258 |
| RICHARD ANTHONY WILFORD | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR PRETRIAL PROCEDURES REGARDING RECORDINGS

COMES NOW the Defendant, Richard Wilford, by and through undersigned counsel, and files this Motion in order to make several requests with a view toward a pretrial resolution of some issues surrounding the government's use of any audio and/or video recordings, including but not limited to consensual recordings, wiretap activations, and jail calls. Specifically, Mr. Wilford requests the following:

1. That the Court require the government to designate any specific recordings that it intends to introduce against Mr. Wilford at trial prior to the commencement of trial;

2. That the Court require the government to submit any transcripts of the specific recordings it intends to utilize or introduce at trial no later than that same time prior to the commencement of trial; and

3. That the Court set a hearing date in advance of trial for the purpose of determining the admissibility of those recordings which the government intends to introduce at trial.

## MEMORANDUM IN SUPPORT

Mr. Wilford and co-defendants have been charged in an indictment with conspiracies and multiple substantive charges. During the course of its investigation, the government recorded Mr. Wilford and his co-defendants and alleged co-conspirators in both audio and/or video.

A finding that interceptions of wire communications or other recordings

have been legally obtained does not automatically render them admissible at trial. "Admission of tape recordings at trial rests with the sound discretion of the trial court." *United States v. Slade*, 627 F.2d 293, 301 (D.C. Cir 1980) (citation omitted). The tapes must be authentic, accurate, trustworthy, audible, and comprehensible. *Id*. Rather than waiting to hear the tapes for the first time when played for the jury, the Court should listen to the tapes the government proposes to use pretrial, to determine their admissibility. *Id*. This practice would not only assure that the tapes are admissible vis-à-vis their quality and trustworthiness, but their relevance can also be determined pretrial. Mr. Wilford anticipates objecting to the use of and/or parts of some of the recordings, and the opportunity to do so pretrial would eliminate undue delays during the trial.

Due to the number of conversations in which Mr. Wilford is alleged to have been a participant, and those in which he was discussed, it is difficult for him to prepare to meet this evidence without some early indication by the government which of these conversations, if any, it intends to introduce at trial. Moreover, Mr. Wilford anticipates that he may wish to challenge or prepare a defense transcript of any activations the government intends to introduce.

It is also within the Court's discretion to allow the jury to use an accurate transcript to assist them in listening to a tape. *See United States v. Capers*, 61 F.3d 1100, 1107 (4th Cir. 1995), quoting *United States v. Collazo*, 732 F.2d 1200, 1203 (4th Cir. 1984), *cert. denied*, 469 U.S. 1105 (1985). "The ideal procedure for testing accuracy is to have the prosecution and the defense attorneys stipulate to a transcript." *United States v. Slade*, 200 U.S. App. D.C. 240, 627 F.2d 293 (D.C. Cir.), cert. denied, 449 U.S. 1034, 66 L. Ed. 2d 495, 101 S. Ct. 608 (1980); *Collazo*, at 1203 1203. If they cannot agree, the Court can make the final determination, or the jury can use both the government's and the defendant's versions. *Slade,* at 302. All of these procedures take time, and should be concluded well in advance of trial in order to promote an efficient and orderly progression of the evidence presented to the jury.

   Mr. Wilford requests that the Court set a date in advance of trial and after the government designates any voice activations it intends to use at trial for an

admissibility hearing. Admissibility, of course, applies to audibility, as well as relevance and any other objections to their admission, and these issues are best-determined pretrial, out of the presence of the jury.

      **WHEREFORE**, for the foregoing reasons as well as any advanced by counsel at a hearing on this motion, Mr. Wilford respectfully requests: 1) that the Court require the government to designate any specific recordings that it intends to introduce against Mr. Wilford at trial prior to the commencement of trial; 2) that the Court require the government to submit any transcripts of the specific recordings it intends to utilize or introduce at trial no later than that same time prior to the commencement of trial; and  3) that the Court set a hearing date in advance of trial for the purpose of determining the admissibility of those recordings which the government intends to introduce at trial.

      Respectfully submitted,

**LAW OFFICE OF PURPURA & PURPURA**

By:    _____/s/_____
        William B. Purpura
        Bar # 00074
        8 East Mulberry St.
        Baltimore, MD 21202
        Tel:  410-727-8550