**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Criminal No.: ELH-11-0258 |
| **RICHARD ANTHONY WILFORD** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**ADDENDUM TO MOTION TO SUPPRESS TANGIBLE AND**
**DERIVATIVE EVIDENCE PURSUANT TO FEDERAL RULE 12(b)(3)**
**AND REQUEST FOR A FRANKS HEARING**

NOW COMES the Defendant, Richard Anthony Wilford, by and through undersigned counsel, and submits this addendum respectfully requesting that this Court enter an Order suppressing all information obtained by installation of Global Positioning System (GPS) units, mobile locator tools, real time tracking tools, and precision locations obtained as a result of Court ordered intercept of Defendant's mobile phone (443-927-4365), pursuant to 12(b)(3) of the Federal Rules of Criminal Procedure and under the Fourth and Fifth Amendments to the United States Constitution, and in support thereof, states as follows:

1. As previously explained in Defendant's Motion to Suppress, it is the Defendant's belief that law enforcement continued to utilize non-Court authorized GPS units, which enabled them to observe several locations that they otherwise would not have been privy to. The information obtained via GPS tracking was the basis of the probable cause for the search warrants, which specifically affected Mr. Wilford.

1

2.  In addition to the above, if illegal GPS units were not used, and the Court finds that the observations and subsequent search warrants were based on Court authorized mobile locator tools (hereinafter 911 pinging), the basis for the authorization/probable cause consists of false representations to the Court. The general probable cause for the 911 pinging is found in six (6) paragraphs described on pages 2 and 3 of the Application for an Order Authorizing the Installation and Use of a Device Known as a Pen Register / Trap & Trace over 443-927-4365 (Exhibit 1). These few paragraphs are replete with false and misleading representations to the Court.

    a. Paragraph 1 of the Application for an Order Authorizing the Installation and Use of a Device Known as a Pen Register/Trap and Trace over 443-927-4365 states that in August of 2010, a reliable Confidential Source (CS1) "advised agents [that] Richard Anthony WILFORD is a cocaine source of supply operating in the Baltimore, Maryland area." (Exhibit 1) Contrast this representation to the very first paragraph in the Confidential Source Information section from the Affidavit in Support of the Application for Search and Seizure Warrant in Baltimore City. The only information given by the same CS1, also in August 2010, was the identification of target subject Lawrence Hayes. According to the Affidavit, CS1 "advised Law Enforcement about TARGET SUBJECT Lawrence Lee HAYES, Jr., a/k/a "BOO" and the HAYES DTO." (Exhibit 2, pg. 17).   There is no mention

in this paragraph or anywhere in the Affidavit that CS1 possesses any knowledge of any alleged illegal activities of Richard Wilford. The two paragraphs involving the same CS1 in two separate Affidavits stand in stark contrast. Clearly, if CS1 would have given information about Richard Wilford as the cocaine supplier, not just information about Lawrence Hayes, this representation would be contained in the paragraph in support of the search warrants, but s/he did not.

b. Even more significant, in paragraph 3, on October 18, 2010, a different Confidential Source (CS2), "provided agents with WILFORD's telephone number as 410-984-4229 (Exhibit 1, pg. 2-3). The number provided by CS2, however, was ***not Richard Wilford's number as alleged, but was instead a number associated with Michael Smooth and a company that he owned called "B'Mores Dumping, Inc."*** Michael Smooth is an unindicted co-conspirator in this Indictment and an indicted co-conspirator in a case being prosecuted in Baltimore City Circuit Court.

c. The importance of this misrepresentation is magnified in paragraph 4. On October 18, 2010, CS2 "advised agents that WILFORD owned a dump truck business" (Exhibit 1, pg. 3) The Affidavit goes on to explain that investigation by law enforcement revealed phone calls between target Lawrence Hayes and the 410-984-4229 number, which again is associated with "B'Mores Dumping." The affiant fails, however, to advise the Court that ***Mr. Wilford's dump truck company***

*is and has always been "R.A.W Enterprises" and <u>never "B'Mores Dumping</u>."* Again, "B'Mores Dumping" is owned and operated by Michael Smooth, who was utilizing the 4229 phone number. The company is in Michael Smooth's name and is licensed to do business in the State of Maryland.[1] Mr. Wilford has always, including at the date of the aforementioned Affidavit, owned "R.A.W. Enterprises," which is licensed to do business in the State of Maryland. Law Enforcement is misleading the Court by making it appear that Mr. Wilford is connected to "B'Mores Dumping" when he is not. The significance of this information is that Michael Smooth's phone associated with "B'Mores Dumping" is contacting the target subject, Lawrence Hayes, *not the phone associated with Richard Wilford*.

d. Finally, Richard Wilford's cell phone number during the entire law enforcement investigation has been 443-927-4365. This has always been his phone number and there are no contacts between this phone and Lawrence Hayes.

3. Under *Franks*, this Court should hold an evidentiary hearing. The basis for the authorization/probable cause was misleading to the Judge and created conclusions for which there was no basis.

a. In certain circumstances, a defendant may obtain an evidentiary *Franks* hearing on an affidavit's integrity. *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. Md. 1990) Under *Franks v. Delaware*, 438 U.S.

---

[1] B'Mores Dumping is located at 2512 Erick Street, Baltimore, Maryland. Mr. Wilford owns this property and he rents space to Michael Smooth for his trucks.

4

154 (1978), a court must hold an evidentiary hearing "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). Moreover, "The *Franks* test also applies when affiants omit material facts 'with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading.'" *Id*. at 300 quoting *United States v. Reivich*, 793 F.2d 957, 961 (8th Cir. 1986).

b. Under *Franks*, the fact that an affiant intentionally or recklessly misleads the issuing judge through the inclusion of false or illegally obtained information or the exclusion of information affecting the credibility of the sources does not require suppression *unless the information is material to the finding of probable cause*. *Franks* teaches that "if, when material that it is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant to support a finding of probable cause, no hearing is required." *Franks*, 438 U.S. at 171-72. Although *Franks* concerned an affidavit in support of a search warrant rather than an application for wiretapping, the same standards apply. Accordingly, "suppression of the evidence would be the appropriate remedy if the issuing magistrate was misled by information contained in the affidavit that

    the affiant knew was false or should have known was false except for a reckless disregard of the truth." *United States v. Leon*, 468 U.S. at 923 (citing *Franks v. Delaware*, 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674 (1978)).

  c. In the present case, it is obvious that the affiants had to have knowledge or should have known that the information in the affidavit concerning B'Mores Dumping and cell phone number 410-984-4229 and the contact between that number and target Hayes was completely misleading. The description of the facts above, and the exhibits supporting them, satisfy the *Frank's* requirement of a substantial preliminary showing and require this Court to grant an evidentiary hearing.

WHEREFORE, it is respectfully requested that this Court enter an Order suppressing all information obtained by installation of GPS units, mobile locator tools, real time tracking tools, and precision locations without Court Orders, and that this matter be set in for a *Franks* hearing at the Court's earliest convenience.

Respectfully submitted,

_____/s/_____
Law Office of Purpura & Purpura
William B. Purpura
Bar # 00074
8 East Mulberry St.
Baltimore, MD 21202
Tel: 410-727-8550

6