IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | |
| | | **Criminal no. ELH-11-0258** |
| **RICHARD ANTHONY WILFORD,** | * | |
| Defendant. | * | |

...oOo...

### GOVERNMENT'S RESPONSE TO
### DEFENDANT'S MOTION FOR DISCLOSURE OF RELEVANT EVIDENCE

The United States of America, by and through its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and John W. Sippel, Jr., Assistant United States Attorney for said District, submits this response to defendant Richard Anthony Wilford's Motion for Disclosure of Relevant Evidence Withheld by the Government and Request for Hearing (docket no. 166). For the reasons discussed below, the Motion is without merit and should be denied.

### INTRODUCTION

Defendant Richard Wilford was arrested on or about September 16, 2011. Thereafter, counsel for the government provided Rule 16 and other materials to Wilford's counsel. On October 17, 2012, counsel for Wilford requested that the Government produce materials and data concerning the use of all GPS trackers and pinging data from cellular telephones (Docket no. 157).[1] The request also sought internal memos, e-mails, and training newsletters and classes from the Department of Justice ("DOJ") and other agencies discussing the use of GPS devices after the D.C. Circuit's decision in *United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010). On November 26, 2012, Government counsel provided additional materials to Wilford's counsel, including a disk that

---

[1] It is not clear why the request for information was filed with the Court.

contained the requested GPS/pinging data, and explained that it would not produce any internal memos, e-mails, or other information from DOJ or other agencies, as such information and materials constitute attorney work product and are not otherwise relevant to the issues before the Court.

On December 26, 2012, Wilford's counsel filed his Motion for Disclosure of Relevant Evidence. In the Motion, Wilford seeks production of GPS/pinging data, as well as information and materials issued by "various law enforcement agencies" concerning the D.C. Circuit's decision in *United States v. Maynard*. Wilford's Motion also requests addition information about how the Government obtained phone numbers associated with defendant Wilford, and whether Government agents utilized an IMSI catching device to obtain information from Wilford's cellular telephones.[2]

As discussed more fully below, Wilford's Motion should be denied. The issue as to production of the GPS/pinging information is moot, as defense has conceded that the information was provided previously and has been in the possession of defense counsel since late November 2012. In addition, the request for internal memos, e-mails, and training newsletters and classes from DOJ and other agencies discussing the use of GPS devices after the D.C. Circuit's decision in *United States v. Maynard* should be denied because the information constitutes attorney work product and is otherwise not relevant to the issues before the Court. Moreover, the Government provides a response to the new request for information later in this Response. Accordingly, Wilford's Motion for Disclosure should be denied.

---

[2] Paragraphs 5 and 6 of Wilford's Motion request materials and information not requested previously. Because the information was not requested before Wilford submitted his Motion, it is inconceivable that Wilford moves to compel the Government to act when the Government was never given the opportunity to respond prior to the submission of Wilford's Motion. As discussed more fully below, this awkward situation could have been avoided had Wilford's counsel contacted Government counsel to discuss the requested information, rather than requesting the information through a discovery motion.

**ARGUMENT**

A.  **The GPS/Pinging Data was Produced**

In response to the requested dated October 17, 2012, counsel for the Government provided Wilford's counsel with two disks. The first disk contained all GPS/pinging data as requested. The information was contained in the first file on the disk, and was entitled "gmails."[3] Within the gmails folder is 11 sub-files, which were labeled with the last four digits of the cellular telephones utilized by Wilford, respectively. The sub-files contained every email sent from the service provider for the particular cellular telephone. No other information was stored within the main file or sub-files.

On January 11, 2013, Wilford's counsel telephoned counsel for the government to discuss scheduling and production of the GPS/pinging data. Government counsel informed Wilford's counsel that the GPS/pinging data was produced in November and that there was not any additional information to be provided. Wilford's counsel indicated that his computer expert informed him that the information was not on the disks provided by the Government. It was agreed that the computer expert contact Government counsel to discuss how and where the information could be located. During a conversation with Wilford's computer expert on January 11, 2013, Government counsel was able to explain in less than 60 seconds where the information was located and how it was organized on the disk. During the conversation, Wilford's computer expert admitted that he had not looked in the "gmails" file where the information was stored.

---

[3] After a court authorizes GPS pinging to occur on a particular cellular telephone, the service provider sends an email to law enforcement agents approximately every 15 minutes. The email contains the longitude and latitude coordinates of the location of the cellular telephone, and some emails contain a link to a mapping service, such as Google maps, depending upon the service provider. The geographical coordinates can span a radius of 2 to 2000 meters. If the subject cellular phone is powered-off or not within a service area, then no geographical coordinates are provided.

On January 14, 2013, Wilford's counsel moved to withdraw the request for GPS data, stating that his computer expert was unable to locate the GPS data "as it was embedded within other documents." This statement is inaccurate, as the pinging data was produced within a "stand-alone" file containing 11 sub-files. Thus, the information was not embedded within other documents and was produced in a manner that could be easily located, searched, and retrieved. Nonetheless, the motion to disclose is now moot.

B.      **DOJ Internal Memos, E-mails, and Materials are not Discoverable**

In his Motion to Compel, Wilford seeks disclosure of internal memos, e-mails, and training newsletters and classes from DOJ and other agencies discussing the use of GPS devices after the D.C. Circuit's decision in *United States v. Maynard.* The requested information, however, will not be produced because the information is attorney work production material under Rule 16(a)(2) and is not otherwise relevant or material to the issues before the Court.

Federal Rule of Criminal Procedure 16(a)(1)(E) states that the Government must permit the defendant to inspect and copy of documents and objects in the Government's possession, custody, or control that (1) are material to preparing the defense; (2) the Government intends to use in its case-in-chief at trial; or (3) the item was obtained from or belongs to the defendant. *See* Fed. R. Crim. P. 16(a)(1)(E). The Supreme Court has made clear that a defendant's Rule 16 right to discovery only extends to obtaining information in the prosecution's possession that is material to the preparation of their defense against the prosecution's case in chief, and not a defense based on a pretrial motion. *United States v. Armstrong*, 517 U.S. 456, 463 (1996). In addition, Rule 16 (a)(2) states that, "[e]xcept as Rule 16(a)(1) provides otherwise," Rule 16 "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney

4

for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). The Supreme Court has recognized that this exception to the discovery obligations of Rule 16(a)(1) is analogous to the work product privilege set forth in Fed. R. Civ. P. 26(b)(3). *Armstrong*, 517 U.S. at 463.

Wilford has offered no basis for his request for disclosure of internal memos, e-mails, and training newsletters and classes from DOJ and other agencies discussing the use of GPS devices after the D.C. Circuit's decision in *United States v. Maynard*. Such documents are not material to any Fourth Amendment claim that Wilford has made concerning the Government's specific actions taken in this case. Moreover, to the extent that agents consulted with a state prosecutor, a federal prosecutor, or DEA counsel prior to installing a GPS device without a warrant, any internal documents concerning these matters are not discoverable. *See* Fed. R. Crim. P. 16(a)(2) (prohibiting disclosure of "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case."). Wilford's bare assertion that such documents are material to his defense is not sufficient to require disclosure.

To the extent that Wilford suggests that production of policy-based materials is somehow material to his defense because the D.C. Circuit had already taken a position adverse to the Government at the time that it installed and used GPS tracking devices in this case, such an argument is wholly misplaced. Even after the D.C. Circuit decided *Maynard* on August 6, 2010, several courts either expressly disagreed with the holding in *Maynard*, or distinguished *Maynard* and upheld the use of warrantless GPS tracking in cases involving the use of GPS devices. *See, e.g., United States v. Hernandez*, 647 F.3d 216, 220-221 (5th Cir. 2011); *United States v. Cuevas-Perez*, 640 F.3d 272,

274 (7th Cir. 2011) (same), *vacated*, 2012 WL 538289 (Feb. 12, 2012); *United States v. Narrl*, 789 F. Supp. 2d 645, 652 (D. S.C. 2011); *United States v. Sparks*, 750 F. Supp. 2d 384, 391-93 (D. Mass. 2010); *United States v. Walker*, 771 F. Supp. 2d 803, 808-13 (W.D. Mich. 2011). Indeed, four judges on the D.C. Circuit characterized the *Maynard* panel decision as "inconsistent . . . with every other federal circuit which has considered the case." *United States v. Jones*, 625 F.3d 766, 769 (D.C. Cir. 2010) (Sentelle, J., dissenting from denial of rehearing *en banc*). Moreover, the investigation of this case was conducted as a joint federal/state operation at the local level, with all ping order applications, wiretap applications, and search warrant applications submitted to and approved by the Circuit Court for Baltimore City. At the time of the investigation, Maryland law approved the warrantless use of GPS tracking devices. *See Stone v. State*, 941 A.2d 1238, 1249-51 (Md. Ct. Spec. App. 2008), *abrogated by Kelly v. State*, - - - A.3d - - -, 2012 WL 5935688, *16-19 (Md. Ct. Spec. App., Nov. 27, 2012) (recognizing *Jones* and applying good faith exception to the warrantless use of GPS tracking device). Therefore, the Court's inquiry in this case is whether law enforcement agents reasonably relied on established legal precedent, and Wilford cannot and has not explained in any detail why the requested information is material to this inquiry.

Because Wilford has not provided any reason why the requested information is not protected by Fed. R. Crim. P. 16(a)(2) or offered any detailed and substantive explanation as to how and why the information is material, his Motion should be denied.

**C.   Wilford's New Requests for Information**

In his Motion to Compel, Wilford requests, for the first time, the following information: (1) how the Government obtained his telephone numbers; and (2) whether the Government utilized used any other investigative techniques to track Wilford through his cellular telephones. *See* Wilford

Motion at ¶¶.

In response, the Government states that it obtained his cellular telephone numbers from confidential informants and sources, his probation officer, and through the toll analysis of pen register data from the phones utilized by his co-conspirators. In addition, the Government did not utilize any investigatory techniques, such as "triggerfish" or "stingrays" to track Wilford through his cellular telephone.

## CONCLUSION

For all of the foregoing reasons, the United States of America respectfully requests that defendant Richard Wilford's Motion for Disclosure of Evidence Withheld by the Government and Request for Immediate Hearing be denied.

                Respectfully submitted,

                Rod J. Rosenstein
                United States Attorney

Date: January 14, 2013        By: /s/
                John W. Sippel, Jr.
                Assistant United States Attorney
                Federal Bar No. 25484
                36 S. Charles Street, Fourth Floor
                Baltimore, Maryland 21201
                (410) 209-4807
                (410) 962-3124 facsimile

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of January, 2013, a copy of the foregoing Government's Response to Defendant's Motion for Disclosure of Relevant Evidence Withheld by the Government and Request for Hearing (docket no. 166) was served via ECF to counsel of record.

/s/
John W. Sippel, Jr.
Assistant United States Attorney