## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| **v.** | * | |
| | | **Criminal no. ELH-11-0258** |
| **RICHARD ANTHONY WILFORD,** | * | |
| **Defendant.** | * | |

...oOo...

## GOVERNMENT'S POST-TRIAL MEMORANDUM
## ON ASSET FORFEITURE ISSUES

The United States of America, by and through its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland, and John W. Sippel, Jr., Assistant United States Attorney for said District, submits this Memorandum to assist the Court in the upcoming hearing on the asset forfeiture phase of the case.

## BACKGROUND

On December 18, 2013, defendant Richard Anthony Wilford was convicted by a jury of conspiracy to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. § 846. A hearing on the asset forfeiture aspect of the case, followed by sentencing, is scheduled for February 20, 2014.

The conviction under § 846 subjects the defendant to the mandatory forfeiture of all property derived from or used to commit the offense. *See* 21 U.S.C. § 853(a); 28 U.S.C. § 2461(c); 18 U.S.C. § 3554. Accordingly, the Government will respectfully request that the Court enter an order of forfeiture as to such property at the conclusion of the asset forfeiture hearing and prior to sentencing.

**LEGAL ANALYSIS**

**A.      Forfeiture Procedure under Fed. R. Crim. P. 32**

**1.      The preliminary order must be entered prior to sentencing**

The procedure for imposing an order of forfeiture in a criminal case is set forth in Rule 32.2 of the Federal Rules of Criminal Procedure.  "As soon as practical" after a verdict of guilty or the acceptance of a guilty plea, the court must determine what property is subject to forfeiture under the applicable forfeiture statute.  Fed. R. Crim. P. 32.2(b)(1)(A).  Once the court makes that determination, "it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the Government has met the statutory criteria."  Rule 32.2(b)(2)(A). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)."  Rule 32.2(b)(2)(B).  Finally, at sentencing, the court "must include the forfeiture when orally announcing the sentence" and "must also include the forfeiture order, directly or by reference, in the judgment." Rule 32.2(b)(4)(B).

These rules are mandatory, and the court's failure to comply with them may, in exceptional cases, constitute reversible error.  *See United States v. Shakur*, 691 F.3d 979, 988-89 (8th Cir. 2012) (wholesale violation of Rule 32.2(b), including failure to issue preliminary order of forfeiture prior to sentencing, failure to conduct evidentiary hearing and make finding of forfeitability at sentencing, and failure to issue any forfeiture order until 83 days after sentencing, deprived defendant of due process rights and right to appeal all aspects of his sentence at one time; forfeiture order vacated); *United States v. Marquez*, 685 F.3d 501, 510 (5th Cir. 2012) (the provisions of Rule 32.2(b) are "not empty formalities;" entering the preliminary order of

forfeiture as soon as practical is mandatory and the district court's failure to do so was error, but there was no prejudice to defendant); *United States v. Schwartz*, 503 Fed. Appx. 443 (6th Cir. 2012) (the entry of a preliminary order of forfeiture prior to sentencing is mandatory and the failure to enter one – even if the Government is seeking only a money judgment – is error, but the error was harmless); *United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011) (although it was error, "missing the deadline set in Rule 32.2 does not deprive a district court of jurisdiction to enter orders of criminal forfeiture so long as the sentencing court makes clear prior to sentencing that it plans to order forfeiture"); *United States v. Perez*, 2010 WL 1704078, *1 (S.D. Ga. Apr. 27, 2010) (the entry of a preliminary order is mandatory, even in cases involving only a money judgment; the Government is not free to wait until sentencing to submit a proposed order).

### 2.      The forfeiture order may take the form of a money judgment

Rule 32.2(b) specifically provides that a forfeiture order may take the form of a personal money judgment.  *See* Rule 32.2(b)(1)(A) ("If the Government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.")  The Government's burden is to establish the amount of the money judgment by a preponderance of the evidence.  *Martin*, 662 F.3d at 307.  The amount of the money judgment is not limited by a defendant's present ability to pay; nor does it matter that none of the funds directly traceable to the offense remain in her possession.  Rather, a defendant is personally liable to forfeit an amount of money equal to the proceeds of his offense whether he has those funds, or any other funds, in his possession at the time of sentencing or not.  *See United States v. Newman*, 659 F.3d 1235, 1242-43 (9th Cir. 2011) (forcing defendants to disgorge their ill-gotten gains, "even those already spent," insures that defendants do not benefit from their crime; when the Government seeks a money judgment, the district court's only role, under Rule 32.2(b), is to determine the amount of

3

money that the defendant will be ordered to pay); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3rd Cir. 2006) (expressly rejecting the argument that a forfeiture order must order the forfeiture of specific property; as an *in personam* order, it may take the form of a judgment for a sum of money equal to the proceeds the defendant obtained from the offense, even if he no longer has those proceeds, or any other assets, at the time he is sentenced); *United States v. Bourne*, 2012 WL 526721, *2 (E.D.N.Y. Feb. 15, 2012) (entry of money judgment is mandatory, even if the defendant has no assets).

**3.     The court may extrapolate the amount of the money judgment from the available evidence.**

Rule 32.2 (b)(1)(B) provides that the court's determination of the property subject to forfeiture "may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties as relevant and reliable." Such information may include hearsay.  *See United States v. Ali*, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing, less stringent evidentiary standards apply in the forfeiture phase of the trial; the evidence need only be "reliable").

When the Government is seeking a money judgment in a drug case, the court may rely on reasonable estimates of the amount of money realized by the defendant from the sale of the drugs based on the quantities sold, the amounts obtained at each sale, and the frequency of such sales over the course of the conspiracy.  *See Newman*, 659 F.3d at 1244 (if the crime is part of a conspiracy, the proceeds equal the total amount of the proceeds obtained by the conspiracy as a whole); *United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011) (because forfeiture is punitive, not restitutive, the calculation of the forfeiture money judgment need not be exact and is not improper if it exceeds what the defendant obtained to some extent); *Id.* (in a drug case, the Government need not produce actual sales receipts but may rely on reasonable estimates of the

quantity of drugs imported and their value; whether to use retail or wholesale value depends on whether the importer sold the drugs at retail himself or sold them at wholesale to others); *United States v. Prather*, 456 Fed. Appx. 622, 626 (8th Cir. 2012) (following *Roberts*; the law does not require "mathematical exactitude" in calculating the amount subject to forfeiture; rather, the court may make "reasonable extrapolations" from the facts, including defendant's admission as to the amount of drugs he sold); *United States v. Miles*, 319 Fed. Appx. 266, 270-71 (4th Cir. 2009) (applying the plain error standard, court affirms district court's calculation of amount defendant must have obtained from the sale of home- grown marijuana, based on estimates of the quantity produced, the amount retained for personal use, and the retail value of what remained).

## B.   Property Subject to Forfeiture

In this case, defendant Wilford was convicted of being a member of a drug conspiracy and is therefore required to forfeit all proceeds of the offense, all property traceable thereto, and all property used or intended to be used to commit, or to facilitate the commission, of that offense. 21 U.S.C. § 853(a)(1) and (2).  Specifically, 21 U.S.C. § 881 provides that

> (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
>> (6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

## 1.   Calculation of the Money Judgment

The evidence at trial established by a preponderance of the evidence that defendant Wilford was shipping cash to California (approximately $100,000 per shipment hidden in hollow

DVD/VCR players) in exchange for cocaine.   The cocaine shipped to defendant Wilford in Maryland was concealed in hollow computer towers containing approximately eight (8) kilograms of cocaine.

During the course of the investigation, the investigating agents learned that the shipments of cocaine from California were being shipped to at least two locations: 35 Mainview Court in Reisterstown, Maryland, and 1500 Cliftview Avenue in Baltimore City, Maryland.   All of the shipments of cocaine were shipped in similar, if not identical, shipping boxes.

Two of the boxes recovered during the investigation had labels affixed, indicating a ship-to address of 35 Mainview Court, Reisterstown, Maryland.   Shipping records from September 2010 – March 2011, which were introduced at trial, indicate that seven (7) shipments were made to 35 Mainview Court during that time period.   *See* Shipping records summary for 35 Mainview Court, attached hereto as Exhibit 1.   In particular, one of the shipments was delivered to 35 Mainview Court on February 9, 2011.   The testimony at trial established that defendant Wilford arrived at 35 Mainview Court a few minutes prior to when the shipment was delivered on February 9th, and departed the location a few minutes after the shipment was delivered.   In addition, a shipment was made to 35 Mainview Court on March 30, 2011.   Exhibit 1.   On that same day, Wilford was observed handing a large cardboard box to Mark Hawkins, who then transported the box to 1500 Cliftview Avenue.

On May 20, 2011, the investigating agents seized a shipment destined for 1500 Cliftview Avenue in Baltimore City, a residence owned by defendant Wilford.   The evidence at trial established that the shipment consisted of a box containing a hollow computer shell, concealing approximately eight (8) kilograms of cocaine.   Shipping records introduced at trial revealed that 17 shipments from California were made to 1500 Cliftview Avenue between June 2010 and

6

April 2011.  *See* Shipping records summary for 1500 Cliftview Avenue, attached hereto as Exhibit 2.

During trial, Special Agent Todd Edwards of the Drug Enforcement Administration testified about the wholesale value of the cocaine trade in Baltimore.  Specifically, Special Agent Edwards explained that defendant Wilford was a wholesale distributor of cocaine within the conspiracy charged in the indictment, and that wholesale prices of cocaine in Baltimore City in 2010-2011 ranged from $28,000.00 to $32,000.00 per kilogram.

All of the cocaine shipments discussed above were part of the conspiracy charged in the Superseding Indictment, and all of the shipments were reasonably foreseeable to Wilford. Therefore, the following calculation should be utilized by the Court in calculating a money judgment against defendant Wilford:

| | |
|---|---|
| 7 shipments of approx. 8 kilograms of cocaine to 35 Mainview Court: | ~56 kilograms |
| 17 shipments of approx. 8 kilograms of cocaine to 1500 Cliftview Ave.: | ~136 kilograms |
| TOTAL | ~192 kilograms |

~192 kilograms x $30,000 (the average wholesale price per kilogram) = $5,760,00.00

Thus, defendant Wilford is liable for a money judgment in the amount of $5,760,000.00. Because the Superseding Indictment indicates that the Government would seek no more than $5,000,000.00 in any money judgment against defendant Wilford, the Government respectfully requests that the Court enter a money judgment against defendant Wilford in the amount of $5,000,000.00.

2.      **Forfeiture of Substitute Assets**

Pursuant to 21 U.S.C. § 853(p), a court "shall order the forfeiture of any other property of the defendant" if it finds that, "as a result of any act or omission of the defendant," the property subject to forfeiture under the statute "(A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty."   21 U.S.C. § 853(p)(1)-(2).   Section 853(p) is not discretionary; rather, the statute mandates forfeiture of substitute assets "when the tainted property has been placed beyond the reach of a forfeiture."  *See United States v. McHan*, 345 F.3d 262, 271 (4th Cir. 2003).

In this case, the tainted property - ~184 kilograms of cocaine – is beyond the reach of forfeiture.   The ~192 kilograms of cocaine cannot be located by the Government upon the exercise of due diligence and was most likely transferred or sold to other drug dealers for distribution.   Based on these circumstances, the Court is required to order the forfeiture of "any other property of the defendant," up to the value of the ~192 kilograms of cocaine or, as discussed above, $5,000,000.00.[1]

## CONCLUSION

Based on all of the foregoing reasons, a money judgment in the amount of $5,000,000.00 with forfeiture of substitute assets against defendant Richard Anthony Wilford is supported by the evidence presented at trial and represents the value of cocaine that was part of the conspiracy to which Wilford was member.   Accordingly, the United States of America respectfully requests

---

[1] If the Court enters a money judgment against defendant Wilford and orders forfeiture of substitute assets, then the assets seized from defendant Wilford that are listed in the Superseding Indictment and Information will serve as substitute assets and their value applied towards satisfaction of any money judgment.

that the Court enter an appropriate forfeiture order against defendant Richard Anthony Wilford

that includes a money judgment in the amount of $5,000,000.00, with the forfeiture of substitute

assets.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


_____ /s/
John W. Sippel, Jr.
Assistant United States Attorney
36 S. Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4807


## CERTIFICATE OF SERVICE

I CERTIFY THAT on this ___12th___ day of February, 2014, that the foregoing

Government's Post-Trial Memorandum on Asset Forfeiture Issues was served via CM/ECF to all

parties of record.


_____ /s/
John W. Sippel, Jr.
Assistant United States Attorney