IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

    Plaintiff

v.

RICHARD ANTHONY WILFORD,
a/k/a RICHIE RICH

    Defendant

Criminal No. ELH-11-0258

**MEMORANDUM**

Following a jury trial in December 2013, defendant Richard Wilford, who is now self-represented, was convicted of conspiracy to distribute five kilograms or more of cocaine. ECF 268. His conviction was affirmed by the Fourth Circuit. ECF 501. This Memorandum resolves Wilford's post-appeal "Motion To Dismiss For Lack Of Subject-Matter Jurisdiction Pursuant To The Court's Inherent Supervisory Power And Not To Be Construed As 28 U.S.C. § 2255." ECF 507 (the "Motion").

No hearing is necessary to resolve the Motion. For the reasons that follow, I shall deny the Motion.

**I. Factual and Procedural Background**[1]

On May 5, 2011, a federal grand jury in Maryland returned an Indictment charging that between August 2010 and May 2011, Richard Wilford and five others conspired to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing

---

[1] In opinions of June 7, 2013 (ECF 205), November 27, 2013 (ECF 252), and February 26, 2016 (ECF 445), I set forth the procedural and factual background of this case. To the extent relevant, I incorporate the procedural and factual background set forth in those opinions. In addition, the government's factual summary of the case, set forth at ECF 426 at 2-8, constitutes an accurate summary of the facts, in the light most favorable to the government.

cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF 1. A Superseding Indictment was filed on August 25, 2011, adding a forfeiture count. ECF 59.

Several pretrial motions were filed by Wilford's privately retained defense attorney. Wilford proceeded to trial beginning December 11, 2013.[2] On December 18, 2013, the jury found Wilford guilty of conspiracy to distribute five kilograms or more of cocaine. ECF 267; ECF 268. On August 7, 2014, Mr. Wilford was sentenced to a term of imprisonment of 340 months and to a period of supervised release of 10 years. ECF 353.[3] Judgment was entered on August 12, 2014. ECF 354. Thereafter, on August 13, 2014, Wilford noted an appeal to the United States Court of Appeals for the Fourth Circuit. ECF 357.

During the pendency of the appeal, Mr. Wilford, *pro se*, filed two motions. Of relevance here, Wilford filed a "Motion To Dismiss Or Vacate For Lack Of Jurisdiction To Hold Trial Void Of Any Constitutional Or Statutory Authority." ECF 416 ("First Motion"). Wilford also filed a motion or new trial. ECF 418. By Order of December 7, 2015 (ECF 424), the United States Court of Appeals for the Fourth Circuit granted the government's unopposed motion to stay Wilford's appeal pending this Court's disposition of Wilford's motions.

In his First Motion (ECF 416), Wilford complained that this Court lacked jurisdiction to proceed as to his case because he was never arraigned on the charges. For the reasons set forth in a Memorandum (ECF 445) and Order (ECF 446) of February 26, 2016, I denied the First Motion as well as the motion for new trial. Wilford noted an appeal from those rulings. ECF 459.

---

[2] The five codefendants all pleaded guilty; Wilford was the only defendant to proceed to trial.

[3] The government sought a sentence of 30 years. *See*, *e.g.*, ECF 369 at 178.

2

The Fourth Circuit consolidated the appeals as to the trial and as to the rulings regarding the motions. In a per curiam opinion of May 9, 2017, the Fourth Circuit affirmed on all issues. The Court also denied a petition for rehearing. ECF 503. The Mandate issued on June 28, 2017. ECF 504; *see also United States v. Wilford*, 689 Fed. App'x 727 (4th Cir. 2017) (per curiam).

Soon after the disposition of the appeal, Wilford filed the Motion. ECF 507. The government's response is at ECF 518. Wilford replied. ECF 521. He also filed a "Clarification." ECF 522.

## II. Discussion

Wilford's Motion (ECF 507) generally reasserts the contentions he advanced in his First Motion. *See* ECF 416. In his 23-page Motion, Wilford argues, *inter alia*, that the District Judge lacked "the power to proceed with a valid jury trial" because Wilford was never arraigned before a magistrate judge. ECF 507 at 8. He posits that "the plea to the indictment is an essential element to the court's power to proceed, and where a court proceed[s] with a jury trial void of this essential element, the trial is unconstitutional and the court has lost its jurisdiction." *Id.* at 12. Moreover, Wilford insists that the record "must affirmatively show the plea . . . ." *Id.* at 13. And, because of "a want of plea" here, Wilford maintains that the "court lacked subject-matter jurisdiction and the authority to try the offense against him." *Id.* at 15. And, in his Reply (ECF 521), Wilford claims that the District Judge "perverted" the process and made a material misrepresentation to the jury by instructing the jury that Wilford had pleaded not guilty to the charges. *Id.* at 7.

In substance, the claims here are identical to the ones that Wilford advanced in ECF 416. In my Memorandum of February 26, 2016 (ECF 445), I reviewed the pertinent facts and addressed the legal contentions. I found the claims without merit, and denied the First Motion.

Thereafter, on appeal, the Fourth Circuit squarely considered Wilford's claim that the Court lacked jurisdiction because he was never arraigned. ECF 501. The Court said, *id.* at 5-6:

> Wilford first argues that this court lacks jurisdiction over him because the district court never arraigned him. Rule 10 of the Federal Rules of Criminal Procedure requires that a defendant be advised in open court of "the substance of the charge" before being called upon to plead. However, technical noncompliance with the procedural requirements of the rule does not warrant a reversal of a conviction if not raised before trial. *See United States v. Reynolds*, 781 F.2d 135, 136 n.2 (8th Cir. 1986). "A failure to arraign only warrants a reversal if it causes prejudice or impairs a substantial right." *United States v. Williams*, 152 F.3d 294, 299 (4th Cir. 1998).
>
> Although Wilford was never formally arraigned, he was properly advised of the charges at his initial appearance. Furthermore, Wilford's attorney received a copy of the superseding indictment and filed numerous pretrial motions. Wilford never raised the lack of an arraignment in the district court. Consequently, we conclude that Wilford has failed to establish either prejudice or the impairment of a substantial right. Moreover, Wilford waived any argument pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 (2012), because he did not raise this issue prior to trial in the district court. "[T]he plain language of Section 3162(a)(2) is unequivocal in requiring that a defendant move for dismissal of an indictment before the beginning of a new trial or suffer a statutorily imposed waiver of rights under the Act." *United States v. Mosteller*, 741 F.3d 503, 509 (4th Cir. 2014).

### III. Conclusion

For the reasons set forth earlier by this Court in ECF 445, and for the reasons set forth by the Fourth Circuit in its Opinion (ECF 501), I shall deny the Motion. An Order follows.

Date: May 4, 2018        /s/
                         Ellen L. Hollander
                         United States District Judge