IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| | | Criminal no.: ELH-11-0258 |
| RICHARD ANTHONY WILFORD, | * | (Related Civil no.: ELH-19-1926) |
| Defendant. | * | |

…oOo…

## GOVERNMENT'S MOTION TO UNSEAL ATTORNEY INQUIRY HEARINGS

The United States of America, by and through its undersigned attorneys, hereby moves this Court for the entry of an Order unsealing the attorney inquiry hearings held on July 3, 2013 (ECF no. 212) and February 18, 2014 (ECF no. 286). These materials are relevant to defendant Wilford's claims of ineffective assistance of counsel contained in his motion to vacate, set aside or correct sentence that was denied by the Court in July 2022, and now pending before the United States Court of Appeals for the Fourth Circuit. As grounds for this Motion, the Government states as follows:

### INTRODUCTION

On December 18, 2013, Wilford proceeded to trial and was found guilty by a jury of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. On August 7, 2014, Wilford, who had two previous federal narcotics distribution-related convictions, was sentenced to 340 months' imprisonment, followed by ten years of supervised release.

Thereafter, Wilford appealed his conviction and judgment to the United States Court of Appeals for the Fourth Circuit, which affirmed the conviction and judgment against him. *See United States v. Wilford*, 689 Fed. App'x 727 (4th Cir. 2017). He then filed a petition for writ of

certiorari to the United States Supreme Court, which was denied on June 28, 2018. *See Wilford v. United States*, 138 S. Ct. 2707 (2018).

On June 28, 2019, Wilford, through counsel, filed a motion to vacate or correct illegal sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel, among other things. Wilford also filed motion for reduction in sentence and/or compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On July 1, 2022, this Court denied Wilford's § 2255 motion and granted, in part, Wilford's motion for compassionate release, and reduced Wilford's sentence from 340 months to 240 months. *See United States v. Wilford*, 2022 WL 2392237 (D. Md., July 1, 2022).

Wilford appealed this Court's denial of his § 2255 motion to the United States Court of the Appeals for the Fourth Circuit and, on July 13, 2022, Wilford, through counsel, submitted an informal brief in support of his application for a certificate of appealability. On December 18, 2023, this Court granted a certificate of appealability on the limited issue of whether this Court abused its discretion in declining to conduct an evidentiary hearing on Wilford's claim that his counsel provided ineffective assistance by failing to properly advise him during plea negotiations.

## DISCUSSION

When a defendant claims that he received ineffective assistance of counsel, he waives the attorney-client privilege with respect to those communications. *United States v. Nicholson*, 611 F.3d 191 (4th Cir. 2010), *citing Bittaker v. Woodford,* 331 F.3d 715, 716 (9th Cir. 2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer"); *see also United States v. Pinson,* 584 F.3d 972, 977-78 (10th Cir. 2009) (attorney-client privilege waived where defendant claims ineffective assistance); *In re Lott,*

424 F.3d 446, 452-453 (6th Cir. 2005) (attorney-client privilege waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance); *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir. 2001) (by alleging ineffective assistance of counsel, defendant put at issue-and thereby waived-any privilege that might have applied to the contents of his conversations with those attorneys); *Tasby v. United States,* 504 F.2d 332, 336 (8th Cir. 1974) (attorney client privilege is waived when a client attacks his attorney's competence in giving legal advice, puts in issue that advice and ascribes a course of action to his attorney that raises the specter of ineffectiveness or incompetence). The waiver need not be broader than needed to ensure the fairness of the proceedings before the court and is limited to the materials that concern the alleged failure to provide the defendant with adequate representation. *Dunlap v. United States*, 2011 WL 2693915, 2 (D.S.C.2011); *citing Bittaker,* 331 F.3d at 720.

In *United States v. Smith*, Crim. No. JFM-05-61, Slip Op. (D. Md. Apr. 12, 2012), this Court found that a habeas petition had waived the attorney client privilege to the extent necessary for counsel to disclose communications, documents, and work-product necessary to prove or disprove the habeas claims. In addition, the Fourth Circuit has issued an opinion that suggests that a finding of waiver is appropriate in habeas actions, and that disclosures necessary to litigate the habeas petition are appropriate so long as their further use is circumscribed. *See Nicholson*, 611 F.3d at 217.

Accordingly, in this case, Wilford has waived his attorney-client privilege by alleging ineffective assistance of counsel. That waiver applies specifically to his communications with his trial counsel, William Purpura, Esquire, and any related attorney work-product and material regarding the issues raised in his § 2255 motion. Therefore, due to the claims of ineffective assistance of counsel raised by Wilford in his § 2255 motion and now before the Fourth Circuit,

3

the attorney inquiry hearings held on July 3, 2013, and February 18, 2014, should be unsealed.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court find that defendant Wilford has waived his attorney-client privilege with respect to certain communications to prove or disprove his ineffective assistance claims now before the United States Court of the Appeals for the Fourth Circuit. Specifically, the Government requests that the attorney inquiry hearings held on July 3, 2013 (ECF no. 212), and February 18, 2014 (ECF no. 286), be unsealed so that the Government can obtain a copy of the electronic recordings and/or transcript of the hearings for use in responding to Wilford's claims of ineffective assistance of counsel now pending before the Fourth Circuit.

Respectfully submitted,

Erek L. Barron
United States Attorney

_____
John W. Sippel, Jr.
Assistant United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4807

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 29th day of January 2024, the foregoing Government's Motion to Unseal Attorney Inquiry Hearings and proposed Order were served to counsel of record via the CM/ECF filing system.

_____
John W. Sippel, Jr.
Assistant United States Attorney