# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:11-cr-00258-ELH |
| | § | |
| RICHARD ANTHONY WILFORD | § | |

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DENYING MOTION TO UNSEAL THE *EX PARTE* ATTORNEY INQUIRY HEARINGS

The defendant, Richard Anthony Wilford, submits this response to the government's motion for reconsideration of this Court's order denying the government's motion to unseal the transcripts of the two sealed, *ex parte* "attorney inquiry" hearings held in this case (on July 3, 2013, and February 18, 2014).

This Court appears to have jurisdiction to *unseal* an existing portion of the district court record. *See United States v. Seugasala*, 670 Fed. App'x 641, 641 (9th Cir. 2016). However, based undersigned counsel's research in response to this Court's order of February 7, 2024 (ECF No. 721), this Court does not have jurisdiction to *supplement* the record with the two transcripts under Federal Rule of Appellate Procedure 10(e) – which is the government's ultimate goal. *See Saidi v. Saqr*, No. 6:18-cv-1338, 2019 WL 8060128 (M.D. Fla. Feb. 20, 2019) ("Federal Rule of Appellate Procedure 10(e) allows supplementation of the record with materials omitted from the docket only if the materials were relied on in the district

court proceedings."); *United States v. Kerr*, No. CR-11-02385-002, 2014 WL 2009004, at *2 (D. Ariz. May 16, 2014) (holding that the court lacked jurisdiction to supplement the record after a notice of appeal was filed). This Court's decision denying Mr. Wilford's section 2255 motion did not appear to have relied on the two sealed, *ex parte* attorney-inquiry hearings. *See United States v. Wilford*, Criminal No. ELH-11-258, 2022 WL 2392237, at *24-*28 (D. Md. July 1, 2022). That is understandable – because the government did not argue in the proceedings before this Court that the sealed, *ex parte* attorney inquiry hearings were potentially relevant. That argument was made for the first time long after Mr. Wilford's notice of appeal was filed.

As stated in a prior response filed by Mr. Wilford, we do not oppose the Fourth Circuit's in-chambers consideration of the two sealed, *ex parte* transcripts and decision about what, if anything, said by Mr. Wilford or Mr. Purpura during the hearings, was waived by Mr. Wilford's ineffective-assistance claim (and is relevant to that claim). That can be accomplished by the government's filing an unopposed motion with the Fourth Circuit making that request under Federal Rule of Appellate Procedure 10(e). If the Fourth Circuit believes that any portions of the sealed, *ex parte* proceedings are relevant to Mr. Wilford's ineffective-assistance claim (and that any attorney-client communication was waived by Mr. Wilford's claim), the Fourth Circuit can unseal the relevant portions and supplement the record with those

2

portions. Mr. Wilford thus opposes this Court's unsealing of the two transcripts in the first instance. That should be a decision that the Fourth Circuit makes (along with the decision of whether to supplement the record with any portions of the two transcripts).

Therefore, this Court should deny the government's motion for reconsideration.

Respectfully submitted,

/s/ *Brent E. Newton*
Brent E. Newton
Maryland Attorney # 2002060016
brentevannewton@gmail.com
19 Treworthy Road
Gaithersburg, MD 20878
202-975-9105

Appointed Counsel for Defendant-Appellant Richard Wilford

## CERTIFICATE OF SERVICE

On February 8, 2024, I electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ *Brent E. Newton*
Brent E. Newton