IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

RICHARD ANTHONY WILFORD,
   Defendant.

Criminal No.: ELH-11-258
Related Civil No.: ELH-19-1926

## ORDER

In this post-conviction case, now on appeal to the Fourth Circuit, the government filed a motion to unseal two attorney inquiry hearings conducted by a magistrate judge prior to trial. *See* ECF 717 ("Motion to Unseal"). The attorney inquiry hearings are referenced at ECF 212 and ECF 286.

The Motion to Unseal was spawned by the Fourth Circuit's issuance of a Certificate of Appealability ("Certificate") to Mr. Wilford. According to the government, the Certificate concerns "the limited issue of whether this Court abused its discretion in declining to conduct an evidentiary hearing on Wilford's claim that his counsel provided ineffective assistance by failing to properly advise him during plea negotiations." ECF 720 at 2.[1] By Order of February 7, 2024, for the reasons stated, I denied the Motion to Unseal. ECF 719. The government subsequently moved to reconsider. ECF 720.

---

[1] In a 98-page Memorandum Opinion and Order docketed on July 1, 2022 (ECF 678, ECF 679), I denied Mr. Wilford's motion for post-conviction relief (ECF 546, ECF 615, ECF 659) but I granted, in part, his motion for compassionate release, as supplemented. ECF 595, ECF 602, ECF 606, ECF 622, ECF 635, ECF 663. Defendant's post-conviction petition was submitted by court-appointed counsel. But, defendant filed his compassionate release motion, pro se.

The Court has considered the government's Motion for Reconsideration (ECF 720); the defendant's response (ECF 722); and the government's reply. ECF 723. No hearing is necessary. ECF 105.6.

The Court agrees that the attorney inquiry hearings (ECF 212; ECF 286) may be highly relevant in light of the issue before the Fourth Circuit. Moreover, Mr. Wilford's counsel does not oppose the Fourth Circuit's consideration of the attorney inquiry proceedings. *See* ECF 722 at 2. Instead, he suggests: "If the Fourth Circuit believes that any portions of the sealed, *ex parte* proceedings are relevant . . . the Fourth Circuit can unseal the relevant portions and supplement the record with those portions." *Id.* at 2-3.

Fed. R. App. Pro. 10 concerns the Record on Appeal. Fed. R. App. Pro. 10(e)(1) states: "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly."

Fed. R. App. Pro. 11(e)(2) states, in part: "If anything material to either party is omitted from or misstated in the record . . . the omission or misstatement may be corrected . . . . B) by the district court before or after the record has been forwarded . . . ."

In my view, the rules cited above authorize this Court to grant the Motion to Unseal. And, for the reasons indicated, I shall do so, by granting the Motion for Reconsideration. Moreover, to the extent that the attorney-inquiry hearings implicate attorney-client privilege, I agree with the government that the defendant has waived the privilege in the context of his post-conviction claim.

SO ORDERED, this 23rd day of February, 2024.

/s/
Ellen L. Hollander
United States District Judge