United States District Court
District Of Maryland

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

January 13, 2025

**LETTER TO COUNSEL**

    Re:    *United States v. Wilford*
            Criminal No. ELH-11-258
            Civil No. ELH-19-1926

Dear Counsel:

    As you know, on December 20, 2024, the Court held an evidentiary hearing (ECF 737) with respect to defendant's post-conviction petition. *See, e.g.*, ECF 546; ECF 615; ECF 659. Defendant filed a post-hearing brief on December 21, 2024. ECF 740. The government responded on January 10, 2025. ECF 744. As Exhibit 1 to its submission, the government filed, under seal, a copy of the transcript from the proceedings of December 20, 2024. ECF 745. The government also filed a motion to seal Exhibit 1, in its entirety. ECF 747 (the "Motion"). Defendant has not opposed the Motion, even though he filed a reply on Saturday, January 11, 2024. ECF 746.

    The public enjoys a "qualified right of access" to judicial documents filed in criminal proceedings. *Doe v. Public Citizen*, 749 F.3d 246, 265 (4th Cir. 2014).[1] "The right of public access [to judicial records and documents] derives from two independent sources: the First Amendment and the common law." *In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (citing *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004)); *see United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020). The right of public access "serves the public's interest in monitoring court functions and promotes public trust in the judiciary." *Doe*, 962 F.3d at 145.

    "For a right of access to a document to exist under either the First Amendment or the common law, the document must be a 'judicial record.'" *In re Application*, 707 F.3d at 290. "[D]ocuments filed with [a] court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *Id.*

    The common law presumes that the public and the press have a qualified right to inspect all judicial records and documents. *Pub. Citizen*, 749 F.3d at 265; *Wash. Post*, 386 F.3d at 575;

---

[1] Defendant's petition under 28 U.S.C. § 2255 is a civil case. But, it is inextricably linked to the underlying criminal case.

*see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open."). However, the common law right of access may be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *accord In re Knight*, 743 F.2d 231, 235 (4th Cir. 1984); *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009); *see also Gonzalez v. Cuccinelli*, 985 F.3d 357, 376 (4th Cir. 2021).

Therefore, "[a]t common law, a district judge must weigh the competing interests of the public's access to judicial proceedings and the interests of the individuals in keeping the information private and of the government in ensuring integrity in its processes." *Gonzalez*, 985 F.3d at 376 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978)); *see United States v. Harris*, 890 F.3d 480, 491–92 (4th Cir. 2018)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Wash. Post*, 386 F.3d at 575 (quoting *In re Knight*, 743 F.2d at 235); *see Gonzalez*, 985 F.3d at 376.

"Ultimately, under the common law the decision whether to grant or restrict access to judicial records or documents is a matter of a district court's 'supervisory power,' and it is one 'best left to the sound discretion of the [district] court . . . .'" *Wash. Post*, 386 F.3d at 575 (quoting *Nixon*, 435 U.S. at 598–99) (alteration in *Wash. Post*). The Fourth Circuit "therefore review[s] a district court's decision concerning common law access for abuse of discretion." *Wash. Post*, 386 F.3d at 575.

The common law right of access is complemented by a "more rigorous" right of access under the First Amendment, which applies to a narrower class of documents, but is more demanding of public disclosure. *Rushford*, 846 F.2d at 253. "In contrast to the common law, 'the First Amendment guarantee of access has been extended only to particular judicial records and documents.'" *Wash. Post*, 386 F.3d at 575 (quoting *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). In *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986), the Fourth Circuit "h[e]ld that the First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases, as well as to the hearing themselves." And, in *Rushford*, 846 F.2d at 253, the Court concluded "that the more rigorous First Amendment standard . . . also appl[ies] to documents filed in connection with a summary judgment motion in a civil case."[2]

Although the "public's right to access documents under the First Amendment is narrower in scope" than the public's right under the common law, it is "stronger in force." *Doe*, 962 F.3d

---

[2] In *In re Pol'y Mgmt. Sys. Corp.*, 67 F.3d 296 (table), 1995 WL 541623, at *3 (4th Cir. 1995), the Court "conclude[d] that the First Amendment guarantee of access should not," in general, "extend[] to documents filed in connection with a motion to dismiss," because such documents were not generally "considered by the court" and "do not serve as a substitute for [evidence presented at] a trial." *Id.*

at 145.  This is because, even assuming the First Amendment right of access applies, "[t]he mere existence of" such a right "does not entitle the press and public to access in every case." *In re Wash. Post*, 807 F.2d at 390; *see also ACLU v. Holder*, 673 F.3d 245, 252 (2011).

The First Amendment's application turns on "two factors: historical tradition and the function of public access in serving important purposes." *In re Wash. Post*, 807 F.2d at 389; *see also Doe*, 962 F. 3d at 146.  This is commonly known as the "experience and logic" test.  *See Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.*, 478 U.S. 1, 9 (1986).  The first factor, historical tradition, asks whether the document or proceeding in question was traditionally open to the public.  *In re Wash. Post*, 807 F.2d at 389.  The second factor asks whether public access would curb "prosecutorial or judicial misconduct" and further "the public's interest in understanding the criminal justice system."  *Id.*

A "sealing involving judicial records and documents can be accomplished without violating First Amendment rights only if (1) [sealing] serves a compelling interest; (2) there is a substantial probability that, in the absence of [sealing], that compelling interest would be harmed; and (3) there are no alternatives to [sealing] that would adequately protect that compelling interest."  *Gonzalez*, 985 F.3d at 376–77 (citations and internal quotation marks omitted); *see also In re Application*, 707 F.3d at 290; *Stone*, 855 F.2d at 180 (citing *Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.*, 464 U.S. 501, 510 (1984)).  The Fourth Circuit "review[s] a district court's decision concerning access under the First Amendment de novo."  *Wash. Post*, 386 F.3d at 576 (citing *In re State-Record Co., Inc.*, 917 F.2d 124, 127 (4th Cir. 1990)).

"When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements."  *Wash. Post*, 386 F.3d at 576.  "As to the substance, the district court first 'must determine the source of the right of access with respect to each document,' because '[o]nly then can it accurately weigh the competing interests at stake.'"  *Id.* (quoting *Stone*, 855 F.2d at 181).  And, as to procedure, "the district court must (1) give the public adequate notice of a request to seal and a reasonable opportunity to challenge it, (2) consider less drastic alternatives to sealing, and (3) if it decides to seal, state the reasons, supported by specific findings, behind its decision and the reasons for rejecting alternatives to sealing."  *Gonzalez*, 985 F.3d at 376 (citing *In re Knight*, 743 F.2d at 235; *see also Wash. Post*, 386 F.3d at 576.

The Court has reviewed the government's exhibit and agrees that, under common law and the First Amendment, certain portions of Exhibit 1 should be sealed.  But, the government provides no reason for sealing the transcript of the proceedings in its entirety.

Therefore, by 5 p.m. on **January 27, 2024**, I ask counsel for the government and the defendant to confer about the sealing request and submit a justification, jointly if possible, for the request to seal the exhibit in its entirety.  Alternatively, I ask the parties to submit a redacted version of Exhibit 1, suitable for filing on the public docket.

In the meantime, the Clerk is directed to maintain the exhibit (ECF 745) under seal.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge