IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No.: ELH-11-258 |
| RICHARD ANTHONY WILFORD, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This Memorandum concerns the Court's Order of October 24, 2025 (ECF 773), granting the government's motion for extension of time (ECF 772) to respond to certain filings made by defendant Richard Wilford (ECF 752, ECF 753, ECF 760), as well as the defendant's "Motion To Rescind Order As Improvidently Granted." *See* ECF 774. The parties are familiar with the long history of this case. Therefore, I will not recount it here.

The events at issue are linked to my Order of July 24, 2025. ECF 763. In that Order, I directed the government to respond by September 24, 2025, to defendant's submissions, docketed at ECF 752, ECF 753, ECF 760. ECF 752 concerns the decision of the Bureau of Prisons to rescind defendant's home confinement under the CARES Act. Mr. Wilford challenged that decision. ECF 709. By Order of August 21, 2023 (ECF 713), the Court dismissed the defendant's motion to restore home confinement (ECF 709). And, in ECF 752, defendant moves for reconsideration of that ruling, based on newly discovered evidence. ECF 753 is a "Request For Judicial Notice"

regarding facts with respect to ECF 752. And, ECF 760 is a second motion for compassionate release.[1]

At 4:03 p.m. on the response due date of September 24, 2025, the government sought a one-month extension to answer the defendant's filings. ECF 769.[2] Government counsel explained, *inter alia*, that he had recently been in trial during the weeks of September 15 and September 22, 2025. On the same date, September 24, 2025, the Court granted the one-month extension, requiring the government to respond by October 24, 2025. *See* ECF 770.

On October 23, 2025, the government moved for another one-month extension to respond to defendant's filings. ECF 772. The government again explained, *inter alia*, that counsel had been in trial during the weeks of September 15 and September 22, 2025. *Id.*, ¶ 5. Further, government counsel represented that he had "been dealing with a family matter that has caused undersigned counsel to be away from the office frequently." *Id.* In addition, government counsel noted the "extraordinary extent and length of time that this case has been litigated . . . ." *Id.*

By Order docketed October 24, 2025 (ECF 773), the Court granted the request of the government for an extension, through November 24, 2025. But, the Court also granted defendant an opportunity to oppose the request. ECF 773. It stated, *id.*: "Provided, however, that by Nov. 10, 2025, defendant may move to rescind this Order as improvidently granted."

Mr. Wilford moved to rescind the Order by motion filed on October 29, 2025. ECF 774 ("Motion to Rescind"). In the Motion to Rescind, Mr. Wilford complains, *inter alia*, that the

---

[1] In defendant's prior compassionate release motions (ECF 595, ECF 602, ECF 606, ECF 622, ECF 635, ECF 663), I reduced defendant's sentence from 340 months to 280 months, by Memorandum Opinion and Order of July 1, 2022. ECF 678, ECF 679.

[2] The government erroneously characterized the motion as a consent motion. The characterization was corrected on October 6, 2025. ECF 771.

government's motion of September 24, 2025 (ECF 769) was "untimely." ECF 774, ¶ 2. He also asserts that ECF 769 "falsely described Defendant's consent." *Id.* at 2.

It is true that the government's first motion for extension was erroneously characterized as a consent motion. That error was corrected by the government a few days later. ECF 771. But, my decision to grant the first extension motion was not based on the alleged consent of the defendant. Rather, it was based on the reasonableness of the government's request.

In addition, as noted, that motion was filed at 4:03 p.m. on the date the response was due. The Clerk's Office is open until 4:00 p.m. *See* Local Rule 504(1). But, this Court routinely regards close of business as 5:00 p.m. And, the government's motion was filed electronically almost an hour earlier. I cannot characterize the first extension motion as untimely.

Defendant also complains about the government's second extension motion, filed on October 23, 2025. He contends that it, too, was untimely. *Id.* ¶ 3. Further, the defendant complains about the government's "vague" assertions in that motion to justify its extension request, such as unspecified "family matters." *Id.* at 2. Therefore, defendant maintains that the government's extension motion failed to satisfy the good cause and time requirements of Fed. R. Crim. P. 45(b)(1)(B). I disagree.

The government filed its second extension motion at 2:50 p.m. on October 23, 2025, well before the close of business on the due date of October 24, 2025. Thus, the deadline had not expired, and the motion was not untimely. *See* Rule 45(b)(1)(A). Moreover, in the context of this case, in which litigation has been ongoing for a considerable period, I am satisfied that the government adequately established good cause for another brief extension.

The defendant contends that he will be prejudiced by further delay, given his claims of due process violations and because his "liberty is at stake." *Id.* at 2, ¶ D. He asserts, in part, *id.*:

"Allowing serial extensions without valid justification risk [sic] undermining confidence in the process and places the burden of delay solely on the defendant."

A careful review of the docket in this case makes clear that defendant's many claims have been carefully considered. The Court has allowed an additional 60 days to the government to respond to three motions filed by the defendant in a case in which the defendant has filed motions almost too numerous to count. *See*, *e.g.*, ECF 507, ECF 528, ECF 533, ECF 536, ECF 546, ECF 557, ECF 562, ECF 566, ECF 570, ECF 595, ECF 615, ECF 656, ECF 660, ECF 681, ECF 752, ECF 760. This case may be defendant's only case, but the government has other cases that also require its attention.

In my view, the Court neither erred nor abused its discretion in granting the government's reasonable extension requests. That said, the Court expects that the government will meet the current response deadline of November 24, 2025.

For the reasons stated, the defendant's Motion to Rescind is DENIED.


Date:   November 4, 2025                            /s/
                                                    Ellen L. Hollander
                                                    United States District Judge

4